PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 12 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  CHARLENE M. RENTERIA          Case Number:  CR 03-00038SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  5/30/2003

Original Offense:  <u>Counts 1 and 2</u>:  Bank Fraud, in violation of 18 U.S.C. § 1344, Class B felonies

Original Sentence:  Thirty (30) months imprisonment as to each of Counts 1 and 2, all such terms to be served concurrently, and five (5) years supervised release as to each of Counts 1 and 2, all such terms to run concurrently, with the following special conditions:  1) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 2) That restitution of $560,850 is due immediately to the CUMIS Insurance Society, Inc., and $700 is due to Schofield Federal Credit Union, for a total of $561,550, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.

Modified Sentence:  On 12/21/2005, Your Honor modified the conditions of supervised release to include:  3) That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  10/8/2005

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

4)   *That the defendant shall submit her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

5)   *That the defendant agrees to participate in a voluntary payroll deduction with her employer according to the collection policy of the U.S. Probation Office and as directed by the Probation Officer.*

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. Special Condition No. 3 | The offender incurred lines of credit without the approval of the Probation Office. |

Per the special condition, this officer conducted a routine credit bureau check on 10/31/2007. Upon reviewing the report, this officer discovered that new lines of credit had been opened. Specifically, First Hawaiian Bank in November 2006, with a balance of $231; First Hawaiian Bank in March 2007, with a balance of $1,087; and Bank of America in August 2007, with a balance of $4,000. When confronted, the offender admitted that she opened lines of credit without our permission. The offender stated that she needed credit to take care of her children with whom she has partial custody of. She stated that she was struggling financially due to taking care of her children and paying restitution. She also mentioned that she was afraid our office would deny her having credit. The offender was admonished for opening lines of credit and instructed to contact these creditors and close the accounts immediately. On 11/29/2007, the offender provided letters showing that she requested the above-mentioned accounts be closed. We have since received verification that these accounts have been closed.

On 12/14/2007, a second credit bureau check showed additional lines of credit that were not previously listed on the report of 10/31/2007. The report showed that the offender opened lines of credit with Chase on August 2007 and Citi on September 2007. She also opened a Chevron account on July 2007. The offender provided a letter that she requested the Chevron card to be closed. All of these credit cards have a zero balance. When confronted, the offender stated that she remembers applying for these lines of credit but never received a card in the mail so she thought she was denied. She was instructed to contact these credit companies and close these accounts immediately.

Prob 12B
(7/93)

3

    Our office has also reviewed the charges that the offender made on the above-mentioned accounts. Although many are for purchases at grocery stores or for clothing-type items, there were some discrepancies. The offender had a total of $2,550 in funds transfers. According to the offender, these fund transfers were either ATM cash withdrawals or transfers to her checking account to cover checks she had written. The offender further reported that the cash withdrawals were used to pay for food eating out with her children, gas for her car, and other miscellaneous items she could not recall. It is also significant to note that in March 2007, the offender requested and was approved to reduce her monthly payment schedule from 25% of her net income to 15%. This was due to expenses she reported taking care of her children. Shortly after being reduced to 15% of her net income, the offender opened the above-mentioned credit cards. If the offender could not afford to pay 25% of her net income monthly for restitution, she also should not have been able to afford opening lines of credit and getting into debt. The offender has since been returned to a payment schedule of 25% of her monthly net income.

    Due to the offender's opening of credit and self report that she struggles financially, we respectfully request the addition of the special condition to allow our office the ability to search if deemed appropriate in the future. The offender has a significant restitution balance of approximately $560,000. She is gainfully employed as a dental assistant. Contact with her employer confirms that the offender does not handle financial transactions or handle money in any way at the dental office. The offender's employer only has three (3) employees. The dentist himself handles the writing of checks each pay period. They are not willing to participate in a voluntary payroll deduction program at this time. Even so, should the offender change employment in the future, she has agreed to a voluntary payroll deduction. As a result, we request that the Court add a special condition ordering the offender to participate in a voluntary payroll deduction program at the discretion of the Probation Officer.

    The offender has been warned that should she open additional lines of credit in the future, our office would impose additional sanctions to include up to recommending that revocation proceedings be imposed.

Prob 12B
(7/93)

4

As noted by her signature on the attached Waiver of Hearing form (Prob 49), the offender maintains no objections to this proposed addition. The offender's attorney and the U.S. Attorney's Office have been notified of the requested modification.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 3/10/2008

---

THE COURT ORDERS:

[ X ] The Modification of Conditions as Noted Above
[   ] Other

SUSAN OKI MOLLWAY
U.S. District Judge

3/11/08
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

    4.    *That the defendant shall submit her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

    5    *That the defendant agrees to participate in a voluntary payroll deduction with her employer according to the collection policy of the U.S. Probation Office and as directed by the Probation Officer.*

Witness: _____  Signed: _____
FRANK M. CONDELLO, II                                   CHARLENE M. RENTERIA
U.S. Probation Officer                                        Supervised Releasee

3-6-08
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_[signature]_
Defendant

Print Name: Charlene Rontovio

Date: 2/28/08